1  JOSEPH P. RUSSONIELLO (CSBN 44332)
2  United States Attorney

3  BRIAN J. STRETCH (CSBN 163973)
   Chief, Criminal Division

4  DAVID B. COUNTRYMAN (CSBN 226995)
5  Assistant United States Attorney

6      450 Golden Gate Avenue, 9th Floor
       San Francisco, CA 94102
7      Telephone: 415.436.7303
       Facsimile:  415.436.7234
8      Email: david.countryman@usdoj.gov

9  Attorneys for United States of America

10
11                 UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,   )
14                 Plaintiff, )  No. 08-4855 TEH
                           )
15             v.        )  SETTLEMENT AGREEMENT
                           )
16 APPROXIMATELY $78,000 IN UNITED )
17 STATES CURRENCY,         )
                 Defendant. )
18                      )

19
20    The parties stipulate and agree as follows:

21      1. Plaintiff is the United States of America ("United States").  Defendant is

22 approximately $78,000 in United States Currency ("defendant currency").  After proper

23 notification and publication was given, no party filed a timely claim in this action, and default

24 was entered as to defendant currency on January 28, 2009.  The United States filed a Motion for

25 Default Judgment on January 29, 2009, and Sinh Tang ("Tang") filed an untimely claim on

26 January 30, 3009.  The United States and claimant Tang are hereafter referred to as the "parties"

27 in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

28

2.    The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication.

3.    The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

4.    This settlement is a compromise over disputed issues and does not constitute any admission of wrongdoing or liability by any party.

5.    The parties have agreed that the United States will return $10,000 of the defendant currency to Tang. The return of $10,000 shall be in full settlement and satisfaction of any and all claims by Tang, his heirs, representatives and assignees to the defendant currency. Tang, his heirs, representatives and assignees, shall hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state and local enforcement officers, for any and all acts directly or indirectly related to the seizure of defendant currency and the facts alleged in the Complaint for Forfeiture filed on or about October 23, 2008.

6.    Tang agrees that sufficient evidence exists to establish forfeiture of the remainder of the defendant currency ($68,000 plus all interest accrued on the entire defendant currency), pursuant to Title 21, United States Code, Section 881(a)(6), and consents to the forfeiture of the remainder of the defendant currency to the United States without further notice to him. Tang further relinquishes all right, title and interest in the remainder of the defendant currency, and agrees that said property shall be forfeited to the United States and disposed of according to law by the United States.

7.    The United States and Claimant agree that each party shall pay its own attorneys' fees and costs.

Settlement Agreement

1    8.    Based on the foregoing Settlement Agreement between the United States,

2    claimant Tang, the Parties agree that, subject to the Court's approval, this action be and hereby is

3    DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with

4    this Settlement Agreement be entered.

5

6    IT IS SO STIPULATED:                      JOSEPH P. RUSSONIELLO
                                               United States Attorney
7

8

9    Dated: February ____18____, 2009

10                                             DAVID COUNTRYMAN
                                               Assistant United States Attorney
11

12

13   Dated: February ____17____, 2009

                                               TERENCE HALLINAN
14                                             Attorney for Claimant Sinh Tang

15

16   Dated: February ____17____, 2009

17                                             SINH TANG
                                               Claimant
18

19        BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 19th

20   DAY OF ___February___, 2009.

21

22

23

24                                             HONORABLE THELTON E. HENDERSON
                                               United States District Judge
25

26

27

28

Settlement Agreement